UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK ANTHONY HENDERSON,<br>        Plaintiff,<br><br>        v.<br><br>JEAN CAPLAN,<br>        Defendant. | No. 3:23-cv-530 (SRU) |

### INITIAL REVIEW ORDER

Plaintiff Mark Anthony Henderson, currently incarcerated at MacDougall-Walker Correctional Institution, brings this action *pro se* under 42 U.S.C. § 1983 against one defendant, APRN Jean Caplan.  Henderson asserts claims for deliberate indifference to medical needs.  Along with his Complaint, Henderson has filed a motion for temporary restraining order and preliminary injunction seeking immediate podiatry treatment, physical therapy for his torn rotator cuff, and a colonoscopy.

I.      **Standard of Review**

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  This requirement applies both when the plaintiff pays the filing fee and when he proceeds *in forma pauperis*.  *See Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam).

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).

Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I have thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A. Based on this initial review, I order as follows.

## II.     Factual Background[1]

Although I will not set forth all of the facts alleged in the Complaint, I will summarize Henderson's basic factual allegations here to give context to the rulings below.

APRN Caplan is Henderson's assigned medical provider. Since August 2018, Henderson has experienced a burning, stinging sensation under four toenails on his left foot from a fungal infection. He previously was prescribed oral and topical medications which were ineffective. Henderson obtains some relief from Vicks VapoRub, which was prescribed for an off-label use. In October 2022, Henderson submitted a request for refill of the Vicks VapoRub. The request was sent to APRN Caplan but not filled.

Henderson has a torn right rotator cuff, which is inoperable. His physical therapy was stopped without notice. In January 2023, Henderson requested an increase in his gabapentin

---

[1] Throughout his statement of facts, Henderson refers to various exhibits consisting of medical requests and records. He has not, however, attached any exhibits to his Complaint.

dosage to address his increased pain. Henderson was informed by a nurse that he had been placed on sick call. As Henderson's assigned medical provider, APRN Caplan would have to order the increased dosage. She did not do so and did not refer Henderson to be re-examined by an orthopedist. Instead, Nurse Burns sent an allegedly false email stating that Henderson had completed physical therapy. Henderson then called the orthopedist himself. The orthopedist examined Henderson, reviewed his medical records, and ordered physical therapy to resume.

Henderson was scheduled for a colonoscopy to address concerns of rectal bleeding. On February 9, 2023, the colonoscopy was halted because Henderson's colon was not free from waste. Henderson alleges that APRN Caplan failed to order the required liquid diet for the day before the colonoscopy. On March 23, 2023, APRN Caplan told Henderson that she would submit a request for another colonoscopy as well as consults with orthopedics and podiatry. On April 5, 2023, Henderson learned that APRN Kaplan had submitted requests only for a colonoscopy and an ophthalmology consult.

### III. Analysis

Henderson claims that APRN Caplan was deliberately indifferent to his medical needs by

> not providing reasonably timely adequate sickcall medical care to address [his] continual need for eucalyptus oil menthol camphor prescription medication [*i.e.*, Vicks VapoRub] renewal, not referring [him] to a podiatrist and orthopedic specialist for follow up medical care, not providing [him] with any increase in [his] pain medication dosage, not providing [him] with access to a liquid medical diet 24 hours before [his] colonoscopy procedure.

Doc. No. 1 at 8 ¶ 12.

To state a plausible section 1983 claim for deliberate indifference to medical needs in violation of the Eighth Amendment, Henderson must allege facts showing that his medical need was "sufficiently serious." *See Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting

*Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  This inquiry "requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner."  *Id.* at 280.  A "sufficiently serious" deprivation can exist if the plaintiff suffers from an urgent medical condition that can cause death, degeneration, or extreme or chronic pain.  *See Brock v. Wright*, 315 F.3d 158, 162-63 (2d Cir. 2003); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).  A medical condition may not initially be serious, but may become serious because it is degenerative and, if left untreated or neglected for a long period of time, will "result in further significant injury or the unnecessary and wanton infliction of pain."  *Harrison v. Barkley*, 219 F.3d 132, 137 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).  The Second Circuit has identified several factors that are "highly relevant" to the question whether a medical condition is sufficiently serious, including "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects the individual's daily activities; or the existence of chronic and substantial pain."  *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted).

Henderson also must show that APRN Caplan was deliberately indifferent to his serious medical needs.  "The second requirement is subjective: the charged officials must be subjectively reckless in their denial of medical care."  *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013).  The defendant must both appreciate the risk to which the prisoner is subjected and deliberately disregard that risk.  *See Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) ("Deliberate indifference is a mental state equivalent to subjective recklessness," which "requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate ham will result." (quotation marks omitted)).  Thus, "mere negligence" is

4

insufficient to state a claim for deliberate indifference. *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

Henderson raises three conditions in the Complaint, a fungal infection under four toenails causing burning and stinging sensations, an inoperable torn rotator cuff that became more painful when physical therapy was stopped, and an aborted colonoscopy.

A. Toenail Fungus

No reported cases in this circuit have considered whether toenail fungus is a serious medical need. Cases from other districts have held that it is not, but those cases do not mention any associated pain. *See*, *e.g.*, *Rowland v. Duran*, 2013 WL 4041583, at *6 n.3 (M.D. Pa., Aug. 8, 2013), *aff'd*, 583 F. App'x 146 (3d Cir. 2013). Because Henderson alleges that the fungus causes him to experience burning and stinging sensations, I will assume, for purposes of initial review, that this condition is a serious medical need.

Henderson alleges that Vicks VapoRub is the only medication that affords him any relief. He further alleges that he submitted several requests for renewal of his prescription, but APRN Caplan did not renew the medication. It is not clear whether the prescription was ever renewed. Thus, I cannot determine on the current record whether Henderson's claim is for a denial of treatment or merely a delay in treatment. The claim will proceed for further development of the record.

B. Torn Rotator Cuff

Henderson alleges that he suffers pain from an inoperable torn rotator cuff. Shoulder pain can be a serious medical need; thus, I will assume for purposes of initial review that Henderson's torn rotator cuff is a serious medical need. *See Brockett v. Lupas*, 2021 WL

1738999, at *3 (D. Conn. May 3, 2021) (assuming a torn rotator cuff is a serious medical need and citing cases where a shoulder injury was found to be a serious medical need).

Henderson alleges that his physical therapy, ordered by an orthopedist, was stopped without the orthopedist's approval and APRN Caplan refused his requests to address the increased pain he suffered after the physical therapy stopped. It is not clear from the facts alleged whether APRN Caplan ordered the physical therapy stopped in violation of the orthopedist's orders, nor is it clear whether the failure to increase the medication dosage is deliberate indifference or merely a disagreement over treatment. Perhaps that information is included in the exhibits Henderson references but did not submit. At this time, the claim will proceed for further development of the record.

C. Colonoscopy

The colonoscopy was ordered to check Henderson for cancerous polyps in response to rectal bleeding. It is not clear whether Henderson had any cancerous polyps in light of the fact that the colonoscopy had to be rescheduled. However, cancer is a serious medical condition, and I will assume for purposes of initial review that Henderson had a serious medical need to warrant the colonoscopy.

Henderson alleges only that APRN Caplan failed to order a liquid diet the day before the colonoscopy. Following the cancellation, she submitted a request for the colonoscopy to be rescheduled. Henderson's allegation sounds in negligence; he alleges no facts suggesting that APRN Caplan acted intentionally or with subjective recklessness. Because negligence is not cognizable under section 1983, the claim regarding the failure to order the liquid diet in preparation for the colonoscopy is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**IV.    Conclusion**

The claim relating to the aborted colonoscopy is **DISMISSED** under 28 U.S.C. § 1915A(b)(1).  The case will proceed on the deliberate indifference to medical needs claims relating to Henderson's toenail fungus and torn rotator cuff.

In light of the entry of this ruling, Henderson's motion requesting an immediate telephonic status conference and an immediate ruling, docs. no. 10-12, are **DISMISSED** as moot.

The court enters the following additional orders.

(1)    **The Clerk shall** contact the Department of Correction Office of Legal Affairs to ascertain a current service address for defendant Caplan, mail a waiver of service of process request packet containing the Complaint and this Order to the defendant at the address provided within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth day after mailing.  If the defendant fails to return the waiver request, the Clerk shall arrange for in-person service by the U.S. Marshals Service on the defendant in her individual capacity and the defendant shall be required to pay the cost of such service.

(2)    **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the amended complaint on defendant Caplan in her official capacity at the Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06106, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(3)    **The Clerk shall** send the plaintiff a copy of this Order.

(4)    **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

7

(5) The defendant shall file her response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If she chooses to file an answer, she shall admit or deny the allegations and respond to the cognizable claim recited above. She also may include all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. The plaintiff should also notify the defendants or the attorney for the defendants of his new address.

(10) The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. The plaintiff is advised that the Program may be used only to file documents with

the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on defendants' counsel by regular mail.

(11) The Clerk shall immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy to the plaintiff.

(12) The Clerk is directed to send a copy of Henderson's Motion for Temporary Restraining Order and Preliminary Injunction to Assistant Attorneys General Terrance O'Neil and Zenobia Graham-Days. They are requested to file a response to the motion within thirty days from the date of this order.

So ordered.

Dated at Bridgeport, Connecticut, this 17th day of July 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge